JUSTICE GRAY,
dissenting.
I respectfully dissent from the Court’s opinion because, in my view, the Court has adopted and applied the wrong definition of “caucus.” Thus, while I also disagree with portions of the Court’s discussion about the Rule 4A, M.R.Civ.P, terms “unincorporated association” and “any two or more persons having a joint or common interest,” I would not reach those issues because applying the correct definition of “caucus” precludes this case from coming within the purview of Rule 4A’s listing of “persons” subject to suit in Montana.
The Court states, and correctly so, that the word “caucus” has two separate and distinct meanings. The first is the “group of persons” definition; the second is the “meeting” or “gathering” definition. The Court then implicitly chooses the “group” definition, apparently on two bases: first, that the media said it was so in its complaint; and second, that no authority had been cited to support the conclusion that the “group” definition is not valid. I disagree.
With regard to the complaint, I agree that the media carefully phrased its allegations to meet the “group” definition of caucus. The caucuses just as carefully phrased their pleadings and briefs to satisfy the “meeting” definition, as the Court’s quote of the caucuses’ self-definition points out. The question before us is not, however, one of “artful pleading.” The question is which definition of “caucus” applies here. I submit that Montana statutes provide the dispositive answer and thus preclude the Court from merely choosing among competing definitions.
Caucuses are referenced in statutes concerning the organization of the Montana Legislature. Section 5-2-201, MCA, provides for presession caucuses via its mandate that, by December 1 of each year in which legislative elections are held, the parties of each legislative house “shall hold a presession caucus....” (Emphasis added.) The purposes of “the caucus” also are specified. It is clear that “the parties” cannot “hold” a “group of persons.” Thus, I submit that this statute clearly expresses the legislature’s intent that a “caucus” is a meeting or a gathering, rather than a group of persons.
*183 Section 5-2-202, MCA, also references caucuses and further buttresses the conclusion that, in Montana, a legislative caucus is a meeting or gathering rather than a group of persons. That statute addresses legislators nominated to leadership positions “during the presession caucus.” It simply is not reasonable to interpret the language in § 5-2-202, MCA, as addressing legislators nominated during the presession “group of persons.”
I acknowledge that the quoted statutes address only presession caucuses and that the issues before us relate to caucuses held during legislative sessions. It is my view, however, that the legislature has provided the applicable definition of caucuses via these statutes and that this Court cannot properly just choose the alternative definition for purposes of this case.
Because application of the proper definition renders a caucus a “meeting,” it is clear that a “meeting” cannot be sued. As a result, it is unnecessary to reach the question of whether a caucus is a “person” — that is, an unincorporated association or two or more persons having a joint or common interest — under Rule 4A.